UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 04-33071-DHW
                                                   Chapter 11
GENTRY STEEL FABRICATION, INC.,

    Debtor.

GENTRY STEEL FABRICATION, INC.,

    Plaintiff,                        Adv. Pro. No. 05-3002-DHW
  v.

HOWARD S. WRIGHT CONSTRUCTION COMPANY,
SHOOK DEVELOPMENT CORPORATION,
OJAI RESORT MANAGEMENT, INC.,
CONSTRUCTION HOTLINE AND MANAGEMENT
PARTNERS, INC.,

    Defendants.

MEMORANDUM OPINION

Gentry Steel Fabrication, Inc. filed this adversary proceeding to recover damages under five state law causes of action.[1] The claims arise from three contracts for the fabrication of steel for projects at two locations in California – Hermosa Beach Pavilion[2] and Ojai Valley Inn.

---

[1] Gentry asserts claims for breach of contract, unjust enrichment, conversion, civil conspiracy, and work and labor done.

[2] Hermosa Beach Pavilion is a shopping center project.

Shook Development Corporation ("Shook") is the developer and Howard S. Wright Construction Company ("Howard") the general contractor for the Hermosa Beach Pavilion project. Ojai Resort Management, Inc. is the developer and property manager of Ojai Valley Inn.[3]

Construction Hotline and Management Partners, Inc. ("CHAMP"), subcontractor for the three projects, contracted with Gentry to provide structural steel.

A dispute arose from one of the two projects at Ojai Valley Inn when CHAMP charged back additional costs to Gentry.[4] The dispute resulted in either undelivered or delivered and unpaid for steel on the other two projects (Ojai Valley Inn and Hermosa Beach Pavilion). The dispute allegedly resulted in Gentry's bankruptcy.

Gentry Steel Fabrication, Inc. filed a petition under chapter 11 on October 27, 2004 in Montgomery, Alabama. Gentry filed the instant adversary proceeding on January 17, 2005 asserting five state law claims arising out of the contractual dispute.

CHAMP filed a motion to dismiss under Fed. R. Bankr. Proc. 7012(6) for lack of personal jurisdiction. In the alternative, CHAMP moves to transfer this adversary proceeding under 28 U.S.C. § 1412 to the United States Bankruptcy Court for the Central District of California.

---

[3] Gentry's claims against R. D. Olsen Construction Company, general contractor for the two Ojai Valley Inn projects, were dismissed with prejudice upon Gentry's motion.

[4] The parties describe the project as "Ballroom B."

2

Shook and Howard filed a similar motion to dismiss for lack of personal jurisdiction.[5] In the alternative, Shook and Howard move the court to permissively abstain from hearing this adversary proceeding under 28 U.S.C. § 1334(c)(1).[6]

The motions came on for hearing on March 28, 2005. CHAMP, Shook, and Howard filed supporting affidavits. Gentry has not contested the facts asserted in the affidavits. The motions were submitted to the court following oral arguments of counsel.

## Jurisdiction

The court has subject matter jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b). However, this adversary proceeding is not a core proceeding[7] because it is merely "related to a case under title 11."[8] 28 U.S.C. § 157(c)(1). Therefore the court does not have

---

[5] Ojai Resort Management, Inc. has not appeared in this proceeding.

[6] The motion further requests, in the alternative, the transfer of this proceeding to either the United States District Court for the Central or Southern District of California. However, the request for transfer was withdrawn at the hearing on the motion.

[7] The proceeding does not arise "under" title 11 because it does not invoke a substantive right created by the Bankruptcy Code. *Carter v. Rodgers*, 220 F.3d 1249, 1253 (11th Cir. 2000). Nor does the proceeding arise "in" a case under title 11 because it is not an administrative-type matter that exists only within a title 11 case. *Id.; Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995). Instead this proceeding asserts causes of action that invoke substantive rights created by state law which have existence outside of the bankruptcy.

[8] The Eleventh Circuit has used the following test for determining whether a proceeding is "related to" a case under title 11:

authority to enter a final order or judgment absent the consent of all parties. *Id.*

Personal Jurisdiction

The defendants move to dismiss this adversary proceeding for lack of personal jurisdiction. The defendants contend that the exercise of personal jurisdiction would deprive them of due process of law under the 5th Amendment to the United States Constitution. In support, the defendants assert the following uncontested facts.

---

> "'[T]he test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.'" *Lemco Gypsum, Inc.*, 910 F.2d at 788 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). In other words, "'[a]n action is [sufficiently] related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *Lemco Gypsum, Inc.*, 910 F.2d at 788 (quoting *Pacor, Inc.*, 743 F.2d at 994).

*Munford v. Munford (In re Munford, Inc.)*, 97 F.3d 449, 453 (11th Cir. 1996). "The 'related to' connection has been described as 'the minimum for bankruptcy jurisdiction.'" *Continental Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999). "In order for the bankruptcy court to exercise subject matter jurisdiction over a dispute . . . some nexus between the civil proceeding and the title 11 case must exist." *Munford*, 97 F.3d at 453 (11th Cir. 1996) (citing *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 787 (11th Cir. 1990)). In the instant case, the adversary proceeding is a claim and major asset of the estate. Therefore, the outcome of this proceeding would definitely have an effect on the bankruptcy estate.

4

## Facts Relevant to Personal Jurisdiction

Gentry Steel is an Alabama corporation with principal offices in Prattville, Alabama. Howard is a Washington corporation, and the remaining defendants are California corporations.[9]

The moving defendants neither do business nor have ever done business in the State of Alabama. They are not registered to do business in Alabama nor have ever applied for permission to business in Alabama. Neither do they maintain an office or personal representative in Alabama. Nor have they entered the territorial boundaries of Alabama.

The defendants and their respective employees and business records are located in the Central District of California. Other than Gentry and its relevant business records, the documentary and demonstrative evidence, as well as the California projects, are located in California. Most, if not all of the defendants' witnesses, including current and former employees, reside in the State of California. The witnesses may be numerous.

## Conclusions of Law

The Bankruptcy Rules provide for nationwide service of process of a summons and complaint in an adversary proceeding. Fed. R. Bankr. Proc. 7004(d). However, service of the summons establishes personal jurisdiction over a defendant only if the exercise of jurisdiction is consistent with the Constitution and laws of the United States. Fed. R. Bankr. Proc. 7004(f).

---

[9] Howard S. Wright Construction Co. is a Washington corporation with principal offices in Seattle Washington; Shook Development Corporation is a California corporation with principal offices in California; Ojai Resort Management, Inc. is a California corporation with principal offices in Chicago, Illinois; Construction Hotline and Management Partners, Inc. is a California corporation with principal offices in California.

5

The due process guarantees of the 5th Amendment provide a limitation on the exercise of personal jurisdiction by a federal court when subject matter jurisdiction is asserted under a federal statute. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935 (11th Cir. 1997). "[T]he personal jurisdiction requirement recognizes and protects an individual liberty interest." *Panama*, 119 F.3d at 943 (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104-05, 72 L. Ed. 2d 492 (1982)). "Due process protects individual liberty interests by protecting parties from the unreasonable demands of litigating in a faraway forum." *Id.* at 944.

A court must "first determine whether the applicable statute potentially confers jurisdiction over the defendant, and then determine whether the exercise of jurisdiction comports with due process." *Id.* at 942.

In the instant case, the first question is easily answered in the affirmative because the Bankruptcy Rules provide for nationwide service of process. The second question is more involved.

The Eleventh Circuit looks to opinions interpreting the Fourteenth Amendment due process clause to determine "what due process requires in cases involving nationwide service of process." *Id.* at 944. Due process requires that "maintenance of the suit . . . not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (citation omitted).

"In order to evaluate whether the Fifth Amendment requirements of fairness and reasonableness have been satisfied, courts should balance the burdens imposed on the individual defendant against the federal interest involved in the litigation." *Panama*, 119 F.3d at 946. "As in other due process inquiries, the balancing seeks to determine if the infringement on

individual liberty has been justified sufficiently by reference to important governmental interests."[10]  *Id.*

However, "courts must engage in this balancing only if a defendant has established that his liberty interests actually have been infringed." *Panama*, 119 F.3d at 946. "[I]t is only in highly unusual cases that inconvenience will rise to a level of constitutional concern." *Id.* at 947. "The burden is on the defendant to demonstrate that the assertion of jurisdiction in the forum will 'make litigation "so gravely difficult and inconvenient" that [he] unfairly is at a "severe disadvantage" in comparison to his opponent.'" *Id.* at 948 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S. Ct. 2174, 2185, 85 L. Ed. 2d 528 (1985)).

In the instant proceeding, the defendants contend that their liberty interests would be infringed if compelled to defend this adversary proceeding because they lack the requisite contacts with the State of Alabama to support the exercise of personal jurisdiction.  However,

---

[10] The Eleventh Circuit propounded several factors relevant to assessing federal interest:

> In evaluating the federal interest, courts should examine the federal policies advanced by the statute, the relationship between nationwide service of process and the advancement of these policies, the connection between the exercise of jurisdiction in the chosen forum and the plaintiff's vindication of his federal right, and concerns of judicial efficiency and economy. Where, as here, Congress has provided for nationwide service of process, courts should presume that nationwide personal jurisdiction is necessary to further congressional objectives.

*Panama*, 119 F.3d at 948.

Case 05-03002   Doc 19   Filed 05/03/05   Entered 05/03/05 09:02:02   Desc Main
Document      Page 7 of 12

a defendant's contacts with the forum state play no magical role in the Fifth Amendment analysis. "As a practical matter ... state lines cannot provide an accurate measure of the burdens that would be imposed on a defendant by requiring him to defend an action in a particular forum. There is nothing inherently burdensome about crossing a state line." Wright & Miller, supra, § 1067.1, at 327. Thus, determining whether litigation imposes an undue burden on a litigant cannot be determined by evaluating only a defendant's contacts with the forum state. A court must therefore examine a defendant's aggregate contacts with the nation as a whole rather than his contacts with the forum state in conducting the Fifth Amendment analysis.

*Panama*, 119 F.3d at 946-47 (footnote omitted).

Contacts with the forum state are relevant under the Fourteenth Amendment "primarily to justify the sovereign's exercise of power in asserting jurisdiction." *Panama*, 119 F.3d at 947 n.21. "Because minimum contacts with the United States—the relevant sovereign—satisfy the 'purposeful availment' prong in federal question cases, contacts with the forum state are not constitutionally required." *Id*.

Indeed, the Eleventh Circuit in *Panama* upheld the exercise of personal jurisdiction by a Florida district court despite the absence of minimum contacts by the defendants with the State of Florida. The court predicated the holding on the defendants' extensive contacts with the East Coast and the worldwide discovery arena.

In the instant case, the court is doubtful that due process over the defendants comports with notions of fairness and reasonableness under the Fifth Amendment. However, the record is not sufficiently developed

8

to reach that conclusion.[11] The absence of minimum contacts with the State of Alabama alone is not sufficient to prove that litigation in Alabama is constitutionally inconvenient.

However, whether or not the court has personal jurisdiction over the defendants in this adversary proceeding, the court concludes that the interest of justice or the convenience of the parties militates the transfer of this proceeding to the United States District Court for the Central District of California.

Motion to Transfer

CHAMP, in the alternative, requests the transfer of this proceeding to the United States Bankruptcy Court for the Central District of California. Under 28 U.S.C. § 1412, a bankruptcy court may transfer a proceeding to another district in the interest of justice or for the convenience of the parties. *Alexander v. Steel Law Firm, P.C. (In re Terry Mfg. Co., Inc.)*, 2005 Bankr. LEXIS 188, 3 (Bankr. M.D. Ala. 2005).

The decision to transfer must be made on a case-by-case basis and lies within the sound discretion of the court. *Id.* at 4. The moving party bears the burden of proving that transfer is appropriate by a preponderance of the evidence. *Id.* at 4.

In considering a motion to transfer, the court will consider the following factors relevant to the "interest of justice":

> (a) the economics of estate administration; (b) the presumption in favor of the "home court"; (c) judicial efficiency; (d) the ability to receive a fair trial; (e) the state's

---

[11] The parties submitted the motions to the court based on the affidavits by the defendants. No evidentiary hearing has been held.

interest in having local controversies decided within its borders, by those familiar with its laws; (f) the enforceability of any judgment rendered; (g) the plaintiff's original choice of forum.

*Id.* at 5. The following factors are relevant to a determination of the "convenience of the parties":

(a) the location of the plaintiff and defendant; (b) the ease of access to necessary proof; (c) the convenience of witnesses; (d) the availability of subpoena power for the unwilling witnesses; (e) the expense related to obtaining witnesses.

*Id.* at 6. Upon consideration of the above factors, the court concludes that only one factor militates against the transfer of this proceeding – the plaintiff's choice of forum. Four factors are neutral, and the remaining factors favor transfer.

The plaintiff's original choice of forum is the "home" bankruptcy court. However, this factor does not carry as much weight when the proceeding is not a core proceeding but merely "related to" the bankruptcy case. Absent 28 U.S.C. § 1409, Gentry could not have commenced this proceeding raising solely state law claims in the bankruptcy court.

Neutral factors are the economics of estate administration, judicial efficiency, the ability to receive a fair trial, and the presumption in favor of the "home court." There is no evidence that the proceeding can be tried more timely, fairly or efficiently in one venue or tribunal versus another.[12]

---

[12] CHAMP suggests that "the incremental additional expense to Gentry in pursuing its claims in a California court is relatively small when compared to the expense that would be incurred by all of the defendants if they are required to defend this litigation in a distant Alabama forum." *CHAMP Motion to Dismiss*, p. 5.

However, the location of witnesses and other evidence in California may render California a more efficient forum. The presumption in favor of the home court is weakened where the proceeding is not a core proceeding but merely "related to" the bankruptcy case.

The remaining factors favor transfer. CHAMP's motion asserts that California law will govern this proceeding. If so, the State of California has an interest superior to the State of Alabama. Because none of the defendants have assets or business operations in Alabama, enforceability of any judgment against the defendants would favor transfer.

All of the factors relevant to the convenience of the parties favor transfer of the case. Three of the defendants are located in California; one is located in Washington. The defendant located in Washington does business in California. Only Gentry is located in Alabama.

The defendants' witnesses, employees, and business records are located in California. Therefore, much of the discovery will take place in California. The witnesses may be numerous. The non-party witnesses reside beyond this court's subpoena power and would increase the expense of trial. Consideration of the witnesses and ease of access to proof favors a California venue.

CHAMP requests the transfer of this adversary proceeding to the Bankruptcy Court for the Central District of California. However, because this is a "related to" proceeding, a bankruptcy court does not have authority to enter a final judgment absent the consent of the parties. Therefore, the court believes that judicial economy favors transfer of the proceeding to the District Court for the Central District of California where a final judgment can enter.[13]

---

[13] The court does not believe that abstention would serve judicial economy. Under 28 U.S.C. § 1334(c)(1), a court has discretion to abstain from hearing a proceeding "in the interest of justice, or in the interest of comity with

An order consistent with this Memorandum will enter separately.

Done this 2 day of May, 2005.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Von G. Memory, Attorney for Plaintiff
   W. Clark Watson, Attorney for CHAMP
   Glenn E. Glover, Attorney for Howard and Shook
   Ojai Resort Management, Inc., Defendant

---

State courts or respect for State law." However, abstention would require Gentry to recommence this action either in a state or federal court of appropriate jurisdiction. Transfer of the case obviates the necessity for refiling, promotes the efficient administration of the estate, and gives deference to Gentry's original choice of a federal forum.

12